**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GEORGE HALLAK, an individual; ZHANGAR SOFY; KHILAT MOHAMMED AGID; DIA ALDIN; MUNA THAMER; AMAD HANA; ALADIN AL-JABIRI; MUDALAL AL-JABIRI; LATIF OBAID; ABDUL RAZZOOK; MOURAD CHIHI; LEE HANNA; HASAN KHAZEL; MUHAMAD SHIFA AHMED; FAKHIR HAKIM; PERWAR ALMISSOURI; AYAD ALMISSOURI; HAFSA DELENE ALMISSOURI; LABIEB MUSSA; SAMYA SELEVANI; ZAKY AHMED; SAGVAN SALIH; NARIMAN MOHAMMAD; AZAD SADIG; ALI ISMAIL; JOHN KALABAT; JULIET SELIM; REIKAN ALEBADI; DIAR MOHAMMED; GAZWAN ALEBADI; NESSER SALMAN; WISAM HINDI; DHAFIR YOUSIF; BOTAN HAWLERY; KADHIM ALBUMOHAMMED; REHAM MAJEED; JAAFAR NASSER; HAITHAM ORAHA; ALFONS ATTIA; KOSAR SHIRO; SUHAM MARROGI; SAMY MONA; KAMIL YOUSIF; NABIL ISAA; HANNA RIAN; SAM KASHIT; YASSER YALDA; SERWA BARZANGI; SHOWBO BERZANGI; | No. 10-56100<br><br>D.C. No. 2:10-cv-00794-R-JC<br><br>MEMORANDUM[*] |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

FAWZIA HEIDARI; ESMAEL OBAID; MUKHLES GORGES; MARK SAKO; ANDY CHOLAGH; SARAH MEWLUD; THAMER GORGEES; MAHIR GORGES; HAWAR YOUSIF; STEVE ZAYA; IBRAHAM MULLA; SALIM HANNOSH; SIRAJALDIN SHAMSALDIN; HEJAR MAYI; MALI BREEN; BREEN MAII; REBIN MUSTAFA; HOJIN MUSTAFA; HIVIDAR KHENDARI; ISSAM JAJOU; ISTAIFAN MAROKI; SHIVAN ALMISSOURI; AHLAM ALMISSOURI; ZEEN ALMISSOURI; NABIL HASSAN, AKA Tony Valantino; HAMDI HASSAN; LOUIS SHAMOON; HOSHANG SABIR; FARHANG SABIR; HARMAN SARKY; SEFIN ZEKI; EMAD SHABA; BASHAR MALLAH; ISMAEL PUTRUS; GURAN FAIQ; AVEN FAIQ; JUAN FAIQ; SAMAN FAKI MOHAMMAD; HARMAN PEROMARI; MUNTASER ABOUNA; SHIVAN AMEEN, AKA Amin; SALAM TOBIA; NADRA JAJOU; NADER JAJOU; MUHANNAD JAJO, AKA Muhand Jajou; ARAM SAID, AKA Aram Saei; NABAZ KHDIR; TAHA HASSAN; SALWA SALEM; EVAIT SHAMOON; JANAN SHAMOON; BASSIM SEMAN; BERNADIT SEMAN; LATIF KASSAB; EASHOU M. MARKOS; ALAN QADIR, AKA Quidar; SAMIR HOUSSIN ISMAIL; MOWAFAK GABOORY; MEHDI SALEHI; DLOVAN BANAVI; HADI SALEHI; WAEL JAJO; BOTON KHOSHNAW; FIRAS MATTI, AKA Matia; MORDAN AKIRAYI; FERAS MATTI, AKA Matia; SALIM ALJUMAAILY; ALAN BAKELORI;

WARINA BUNI; MONA FATHALLA; SARDAR SINDI; RAFID JEBRAEIL; SALLY SHAMOON; JUNAINA ABOU; KARWAN SADI, AKA Karway; BEYWAR BARWARI; NEWAR MUSTAFA; DAWOOD AHMED; SHARKIR MOHAMMED, AKA Sharkar Mohammad; SENAN M. JUWAIDEH, AKA Seman; HASSAN ALASSALY; MASOUD SULEVANI; SARKOU MAHMOOD; AHLAM AL-NASRAWI, AKA Aklam; MICHAEL SHAMOON; SANGAR MAHMOOD; ALI AL-AZAWY; BASSAM NAMO; HADAR AKRAEE; IMAD ALJABI; JAWAD ALAQRAWI; MASOUD HASAN; SWARA DELOYI; HAVAL BEDIHI; SAL GARDY; ISAM DAWOOD; ALI ALSAEED; TONY Y. PATROS; SILOVE BARWARI; BINYAMIN BINYAMIN; SABAH MARCUS; SAFAA SALEH, AKA Safa Saleh; ADEL HANNA; DURAED GABRALI; MOHAMMED KHILLAWI; SAMER AL-SAEGH; UDAY ALEA, agent of Adauy Alei; MUNA DAWOOD; KAHZAD SINDI; SALIM RAWDAH; RITA KHARAT; JOANE DAOOD, AKA Joan; TARIG MISSOURI; ABEER ALEA, AKA Abeer Alei; AMIR RAYIS; SALIM BINAVE; NIDHAL SALMAN; ALI ZADA; REVING TAHA; FARID AKOU; YAZI SAGMANI; HERISH SAEED; SEEBER BARWARI; TALAR BUSTANI; TARA BUSTANI; WATHIQ ALABOUDY; RASHEED BARZANGI; EMAD MOHAMMAD; ZOMA P. SIHAM; REBER TAHA; YAZI SAGMANI; MAGID TERWONISHE; MAHDI

TERWANISHY; LINDA SHAMON; GHAZWAN SHAMOUN; NASHWAN GORGEES; ZIRAK AMIN; IBRAHIM SABBAGH; MIKE KHAZAL; AHMED AL-ABSI; DILOVAN MALLAH; AKRAM ALASADY; MISHIAR MISSOURI; JASON ASTIFU; ADIL RASOUL; SHAKHAWAN HUSSAIN; ADNAN FEJLEH; KINAN FATTAHI; TAVGAH BARRANGI; TAGHREAD BAHRO; SCALLA ARIZ; MUSYAD SOFI; SAMI AKRAEE; DORAYID SHAMOUN; HALIS SARKY; REVEND TAHA; JABAR KHOSHNAW; ZAID SHAMOUN; MAJID SHAIA; MAZIN M. OAISSO; BASSAM KALESHO; SAAD SHAMMAS; AYAD PATE, AKA Date; JAMAL TAHIR; OMAR TCHALABI; RAAD KERIAKOOS, AKA Kerlakoos; ZIRIVAN MOHAMMAD; REZAN KHOSHNAW; HANA DALOY; OMAR SHERDAH; JALAL TAHIR; MUHAMMAD DOSKY; SARDAR RAMZI; KAMAL TALIR; GOVAND DIZAYI; AHMED HAJI; BAYAR SOFI-HAJI; NADIRA CHOLAKH; RIBUR TAHA; ADMIRAL MIRA; AZAD FATTHULLAH; BARKHO EMMANWIEL; DAHAZ WEISY, AKA Weisu; JALAL TOMA; RANGEBAR AMEDI; ARY AHMED; ABDEULKARIM ZANGANA; SAMIR ALSALEHI; HAMEED DOHHUKY; JAMAL AMIN; SAMAN TALABANI; KUVAN PIROMARI; PISHAWA SHARIF; AYOUB AHMED; RAIED ROMAYHA, AKA Rumia; NAZAR F. BEDUHI; TARIK AL-TAMINI; NEDHAL ROMAYHA; HAYDAR

KARIM; TARIK AL-MALKI; ARKAN HAJI; MAHDI AL-MALIKI; TALAL HILANTU; THAIR JUWAIDEH, AKA Suwaideh; MONA PUTRUS; HASSAN AL-GHIZZI; JANAN ABOOD; SARMAD YOUSIF; SAMI PAULS; NOORI HERMEZ; AZAD JAFF; MAJID ZORI; RONY KORKES; HONER TAHIR; SUHAILA IBRAHIM; HARETH SHOONI; HOSHANG OMAR; ALA BANARJI, AKA Ala Marogi; BISHAR SINDY; AIDA MAROUGI; SANA MAROUGI; AFAF MAROUGI; ZALDOUN JAWDAT NASHI; TONY RAMMO; NADA RAMMO; HIVI SALEH; EBA BANARJI; REIMAN PIROMARI; KAWAR ZUBAIR; KAROUZH ZUBAIR; FARIDOON IBRAHIM; ANDY JARJIS; ABDUL YASIN, AKA Yasil; HAMDIA ARIZ; MARK YOUNES; ZYAD KHOSHNAW; SULTANA YOUSIF; ZAHIR KHOSHNAW; KAMIL KHALIL; METIN MOHAMMED; KOVAN ABDUL; HOGER SALEH; SALAH SAFO; YOUSIF I. HANNA; ABDUL ALSAEDI; SHAKHWAN SHIRO; SAM ELSIEDEY; KARIM SHIRO, AKA Karin; ANN KAKOS; SOHAILY PUTRIS; BAHROZ RASHEED, AKA Bahroez; SHORASH SULEIMAN; RIDAR SULEIMAN; REBWAR BUSTANI; AHMED AL-RAMAHY, AKA Ramaby; SHERWAN TAHIR; BIZHAR AMEEN; MOHAMMED HAMAD; ALI HAMAD; NAJI MOSHI; NARIMAN KALABAT; ABDULSALAN MULLA; MOUNIR MAALMI, AKA Mounir Maanmi, AKA Monair; WARHEEL KHALID; ARAZ

KHALID; MAJD NAZO; ZIAD JAZRAWI; ROBERT SHAMOO; FIRAS JUWAIDEH, AKA Siras; MAZIN M. ODISHO; RASHAD KATTOULA; MORRIF MALAKHA; CHOLI MUSTAFA; DEAN SABIR; HAJAR ABDULLA; BUSHRA BUTRES, AKA Haj Sirajaddin Nakashbandi; NAZAR AHMED; SARHAND SABIR; HUDA ALAMERI; QUDAMAKER MEWLUD; TAHA ALHABID; BUHROOZ MEWLUD; AZIZD ALJABBAR; ROSTUM MEWLUD; ARAM BERZENGI; SULEIMAN KIRYAKOS; AHMED AHMAD; ABDULRAHMAN MULLA, AKA Abdulrah; ZHEER TAWFICZ; JAMAL PIYAMARI; AHUED SAEDAHMAKE; KARIM HEIDARI, AKA Karin; DILDAR YOUSIF; FARIS E. SHAMON; AWAZ ABBAS; BESTOON DELOYI; FENIK KHOSHNAW; TONY KORKES; AYMAN FEJLEH; SHEVEEN MISSOURI; AHMED KADHIM; SAMIR MONA; ALI AL-TAMIMI,

Plaintiffs - Appellants,

v.

L3 COMMUNICATIONS CORP., a corporation; L3 COMMUNICATIONS HOLDINGS, INC.; TITAN TRANSLATORS, a corporation; TCS CORPORATION, a corporation,

Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 4, 2012
Pasadena, California

Before: TROTT and THOMAS, Circuit Judges, and SEEBORG, District Judge.[**]

Plaintiffs appeal from the district court's final judgment and orders dismissing their complaint with prejudice and without leave to amend. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The district court did not err in concluding that the plaintiffs' claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., are barred by the two-year statute of limitations on collective actions imposed by 29 U.S.C. § 255(a). Plaintiffs argue that the statute of limitations for collective actions under the FLSA is not applicable because their suit was filed as a consolidated action, not a collective action

The term "collective action" is not defined under the FLSA. Legislative history, however, "indicates that Congress intended the term to apply only to a

[**] The Honorable Richard Seeborg, United States District Judge for the Northern District of California, sitting by designation.

-7-

representative action." *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971); *see also id.* ("The Conference Report states that a 'collective action [is] an action brought by an employee or employees for and in behalf of himself or themselves *and other employees similarly situated*.'") (quoting H.R. Rep. No. 326, 80th Cong., 1st Sess. p.14) (alteration and emphasis in original)).

The record shows that this action was brought in the name of plaintiffs who were suing in a representative capacity. The presence of blank spaces in the lists of plaintiffs filed with the district court and sent to the defendants suggests that plaintiffs intended to provide for future joinder of additional parties. Indeed, the caption contains numerous blank spaces for party names. As the district court observed, the possibility of such future joinder "would necessarily imply that the current plaintiffs are proceeding on their behalf." *Cf. Gray,* 456 F.2d at 655 (classifying FLSA suit brought by 12 tow truck drivers as a consolidated action because it "was not brought for the benefit of *unnamed* plaintiffs") (emphasis added)). Plaintiffs themselves emphasized the representative nature of their suit in the record below. In a declaration opposing summary judgment, George Hallak, the only individual plaintiff whose name appeared in the caption of the complaint, described himself as the "lead plaintiff in this action." Apart from Hallak's declarations, no other individual claims appear anywhere in the record.

Furthermore, the district court judge originally assigned to this case issued a removal order that characterized the suit as an FLSA collective action. Plaintiffs never filed any motions contesting this characterization. Indeed, plaintiffs did not suggest that their suit was anything *but* a collective action until after defendants moved to dismiss their complaint because they had failed to meet the statutory deadline to file written consents from all individual plaintiffs represented in their suit. Because the statute of limitations to file a collective action had already run, plaintiffs could maintain their suit only by arguing that it was a consolidated action.

Given all of these factors, the district court did not err in classifying this case as a collective action.

## II

The district court did not err in dismissing the fraud claim. Plaintiffs' theory was that the defendants committed fraud by leading plaintiffs to believe they were independent contractors rather than employees. However, fraud cannot be predicated upon misrepresentations of law. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004).

Misrepresentations of law can result in actionable fraud in only "four special situations": when "the party making the misrepresentation (1) purports to have

special knowledge; (2) stands in a fiduciary or similar relation of trust and confidence to the recipient; (3) has successfully endeavored to secure the confidence of the recipient; (4) or has some other special reason to expect that the recipient will rely on his opinion." *Id.*

None of these exceptions apply in the present case. Plaintiffs argue that the defendants were in a fiduciary relationship with their employees because the work environment was isolated. But there is no authority to support the proposition that working in a remote location creates a special fiduciary relationship that would overcome the general rule that misrepresentations of law do not constitute actionable fraud.

### III

The district court did not abuse its discretion in denying plaintiffs leave to amend. Plaintiffs' suit was properly classified as a collective action under the FLSA and therefore barred, due to their failure to timely file the required written consents from all individual plaintiffs. Thus, any attempt by plaintiffs to amend their FLSA claims would be futile.

Nor have plaintiffs suggested any amendments to their complaint that would save their fraud claims. Even in their proposed Second Amended Complaint, plaintiffs do not plead plausible allegations that could conceivably allow them to

take refuge in any of the exceptions to the general rule that misrepresentations of

law cannot form the basis of a fraud action. Accordingly, the district court did not

abuse its discretion in denying leave to amend.


**AFFIRMED.**